# H. HOLLANDER CO., INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & others. [1]

Suffolk.    April 3, 1951. — May 9, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Alcoholic Liquors,* Package store, Price list.    *Practice, Civil,* Appeal. *Certiorari.*

An appeal from an order for judgment in a certiorari case heard solely on the petition and the return comes before this court under G. L. (Ter. Ed.) c. 231, § 96, and not under c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

In a certiorari case heard solely on the petition and the return, the scope of the inquiry was to determine whether there was substantial error of law apparent on the face of the return.

No error of law appeared in a conclusion by the alcoholic beverages control commission that the proprietor of a retail package store had violated G. L. (Ter. Ed.) c. 138, § 15, as appearing in St. 1933, c. 376, § 2, and as amended, where the board found that shelf prices displayed in the store were the "current posted price list" required by the statute, rather than prices stated in an index list posted on a wall at the extreme end of the salesroom and not "conspicuously posted" within the statute, and that a sale was made at the price stated in the index list, which was less than the shelf price for the same liquor.

Findings of fact by the trial judge and his rulings on requests were not part of the record and were disregarded by this court on an appeal under G. L. (Ter. Ed.) c. 231, § 96, from an order for judgment in a certiorari case heard solely on the petition and the return.

PETITION for a writ of certiorari, filed in the Superior Court on February 6, 1950.

The case was heard by *Brogna,* J.

*J. H. Soble,* for the petitioner.

*M. H. Selzo,* Assistant Attorney General, for the respondents.

COUNIHAN, J.   After a hearing, the licensing board for the city of Boston, hereinafter called the board, suspended

---

[1] Demurrer of the licensing board for the city of Boston sustained by consent of the petitioner.

for six days the license of the petitioner to operate a retail liquor package goods business in Boston for violation of G. L. (Ter. Ed.) c. 138, § 15, as appearing in St. 1933, c. 376, § 2, as amended (see St. 1935, c. 440, § 12), part of which reads, "Every licensee hereunder shall keep conspicuously posted in each room where any alcoholic beverages are sold a price list of such beverages . . .." "Sales by such licensees shall be made only . . . at the prices stated on the current posted price list." On appeal to the alcoholic beverages control commission of the Commonwealth, hereinafter called the commission, after hearing, it sustained the action of the board. C. 138, § 67, as appearing in St. 1933, c. 376, § 2, as amended. Thereafter the petitioner brought this petition for a writ of certiorari to quash the proceedings before the commission. The return of the commission includes a transcript of the testimony introduced at the hearing before the commission. G. L. (Ter. Ed.) c. 249, § 4, as amended by St. 1943, c. 374, § 1. Rule 117 of the Superior Court (1945). The judge ordered that judgment be entered affirming the action of the commission, and the petitioner appealed.

Since the appeal is from an order for judgment, it is not here in the form of an appeal provided by G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. It comes here under G. L. (Ter. Ed.) c. 231, § 96, as an appeal from an "order decisive of the case founded upon matter of law apparent on the record." *Adamsky* v. *City Council of New Bedford*, 326 Mass. 706, 707. It appears that this case was heard by the judge on the petition and the return, without oral testimony. Compare *Needham* v. *County Commissioners of Norfolk*, 324 Mass. 293, 295–296, where oral testimony was taken. The scope of the present inquiry is to determine whether there is substantial error of law apparent on the face of the respondents' return. *Real Properties, Inc.* v. *Board of Appeal of Boston*, 319 Mass. 180, 181. The burden is upon the petitioner to show such error. *Tracht* v. *County Commissioners of Worcester*, 318 Mass. 681, 686–687. The return of the respondents is to be accepted as true

concerning all matters within their jurisdiction. Averments of the petition not supported by the return of the respondents are to be disregarded. *Clarke* v. *Board of Collegiate Authority, ante,* 279, 282.

From the return it appears that the petitioner is a corporation engaged in the retail liquor package goods business in Boston, for which it held a license granted by the board. On January 9, 1950, an investigator of the commission visited the store of the petitioner and purchased a certain brand of liquor in a so called one fifth bottle. He showed the salesman a business card of the petitioner on which appeared the initials "C. M. H." and the notation "1/12." He was charged and paid $3.41 for the liquor. The price tag on the shelf upon which the bottle rested was $4.15 and the salesman said that was the regular price. In response to further inquiry the salesman referred him to a woman who proved to be the clerk of the petitioner. She told him that certain "verbal contracts" were entered into with some customers who, upon presentation of a card similar to that which he had, received a discount. She referred him to a visible index price list attached to a wall at the rear end of the store which listed the price of the liquor which he had purchased as $3.41 a fifth. This index price list was posted at the extreme end of the salesroom, just at the entrance to the stock room, and there was nothing on it to indicate what it was. The prices were marked in pencil.

In its return the commission found that the petitioner displayed shelf prices offering liquor for sale at one price and an index list located "at the extreme end of the salesroom" which listed the same liquor at a lower price. It found that this index was not conspicuously posted as required by c. 138, § 15[1]. It further found that the shelf price as displayed by the petitioner was the posted price list required

[1] The commission in its return stated, "The respondent commission permits the posted price list to take any one of many forms. It may be in the form of price tags affixed to shelves or compartments where alcoholic beverages are displayed in such a manner as to have a definite relation to a particular brand or size container of alcoholic beverages or so called shelf prices, it may be in the form of an index conspicuously posted or it may be in a leaflet, pamphlet or card displayed or available on the counter."

by c. 138, § 15, and that the petitioner sold the investigator liquor at a price less than that on the current posted price list. Because of this the commission sustained the action of the board.

We are of opinion that there was no error of law apparent on the face of the return. The petitioner asserts the contrary. It argues that there is an inconsistency in the return in that the commission found that the shelf price was the posted price list required by law and that it also found that the index price list was not conspicuously posted.

There is no inconsistency in these findings which compel a holding that there was substantial error of law apparent on the face of the return. The commission may well have concluded that, because the index list was not conspicuously posted as required by statute, it was no price list at all. This would justify it in finding, as it did, that the shelf price displayed by the petitioner was the current posted price list required by statute. Manifestly the price the liquor was sold at was less than that indicated in the shelf price so that the board was correct in finding a violation of the statute.

In passing it may be noted that there are included in the record what appear to be findings of facts by the judge as well as his rulings on the petitioner's requests. We disregard them as they are no part of the record on appeal under c. 231, § 96. *McManus* v. *Boston*, 320 Mass. 585.

*Order affirmed.*