ALLIED THEATRES OF NEW ENGLAND, INCORPORATED, & others *vs.* COMMISSIONER OF LABOR AND INDUSTRIES & others.

Suffolk. January 9, 1959. — March 2, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Minimum Wage. Equity Jurisdiction,* Review of minimum wage order. *Regulation. Statute,* Repeal. *State Administrative Procedure Act.*

G. L. c. 151, § 14, providing for judicial review of decisions of the commissioner of labor and industries under that chapter was not repealed by the enactment of the State administrative procedure act, G. L. c. 30A. [611]

The provision of § 7 of the State administrative procedure act, G. L. c. 30A, for review of a regulation by a proceeding for declaratory relief under c. 231A is permissive only and does not preclude review under c. 151, § 14, of a decision by the commissioner of labor and industries constituting a regulation within c. 30A, § 7. [611]

A minimum wage order promulgated by the commissioner of labor and industries under G. L. c. 151 is a "regulation" within § 1 (5), § 7, of the State administrative procedure act, G. L. c. 30A. [611]

PETITION, filed in the Superior Court on September 26, 1957.

The case was heard by *Sullivan, J.,* on demurrer.

*James C. Gahan, Jr.,* for the petitioners.

No argument nor brief for the respondents.

WILKINS, C.J. This is a petition by five theatre operators to review a decision of the respondent commissioner of labor and industries promulgating a minimum wage order. G. L. c. 151, § 14 (as amended through St. 1947, c. 432, § 1). Other respondents are the assistant commissioner, and the three associate commissioners constituting the minimum wage commission defined in G. L. c. 151, § 2 (as amended through St. 1954, c. 174).

The procedure for promulgating a minimum wage order appears in G. L. c. 151. If the commissioner is of the opinion that any substantial number of persons in an occupation are receiving oppressive or unreasonable wages, he shall direct the commission to appoint a wage board (§ 4). The board shall be composed of not more than three persons to represent the employers, of an equal number to represent the employees, and of not more than three disinterested persons to represent the public. The representatives of the employers and the representatives of the employees are to be selected so far as practicable from nominations submitted by employers and employees, respectively (§ 5). After receiving information from the commissioner and hearing witnesses (§ 6), the board shall submit a report (§ 7). Following a public hearing, the commission must approve or disapprove the report. If approved, the commissioner issues a mandatory order (§ 8).

The allegations of the petition, summarily stated, were

that the minimum wage board was illegally constituted; that the board did not conduct its proceedings in various specified respects in accordance with c. 151; that the evidence did not warrant the wages recommended; that the wage schedule ordered did not comply with c. 151, § 2; and that the commission "was subject to but did not conduct its proceedings in accordance with" G. L. c. 30A, inserted by St. 1954, c. 681, § 1, the State administrative procedure act. The respondents demurred, in substance for legal insufficiency. The petitioners appealed from an interlocutory decree sustaining the demurrer and from a final decree dismissing the petition.

The record discloses no specific reason for the judge's action. The respondents, who prevailed, have filed no brief, and apparently agree with the statement in the petitioners' brief that the only conceivable objection to the petition must be that after the enactment of the State administrative procedure act the procedure set forth in c. 151, § 14, can no longer be followed. Chapter 30A, however, did not expressly repeal c. 151, § 14. Neither did it do so by implication. Two sections of c. 30A deal with judicial review, § 7 as to regulations, and § 14 as to adjudicatory proceedings.

Section 7 provides: "Unless an exclusive mode of review is provided by law, judicial review of any regulation may be had through petition for declaratory relief in the manner and to the extent provided under chapter two hundred and thirty-one A." This procedure is permissive only. See similar language in G. L. c. 231A, §§ 1, 2. In c. 30A, § 1 (5), there is the definition: " 'Regulation' includes the whole or any part of every rule, regulation, standard or other requirement of general application and future effect adopted by an agency to implement or interpret the law enforced or administered by it," with exceptions not now material. We think that the minimum wage order was a regulation as so defined, but could still be tested under c. 151, § 14.

It may be noted that, if these were adjudicatory proceedings, c. 30A, § 14, retains to a large extent the procedure

under c. 151, § 14. Chapter 30A, § 14, reads, in part, "Where a statutory form of judicial review or appeal is provided, other than by extraordinary writ, such statutory form shall govern in all respects, except as to standards for review."

The final decree is reversed. The interlocutory decree sustaining the demurrer is reversed. Instead a new interlocutory decree is to be entered overruling the demurrer. The case is to stand for further proceedings in the Superior Court.

*So ordered.*