T. J. HARTNETT BEVERAGE COMPANY, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & another.

Middlesex.    March 8, 1966. — April 25, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Alcoholic Liquors,* Package store, Price list, Price fixing.  *Statute,* Repeal.

The provision of G. L. c. 138, § 15, requiring a package store licensee to sell alcoholic beverages only at the prices stated on his current posted price list was not repealed by implication by the enactment of § 25C.

———————

PETITION for review filed in the Superior Court on April 22, 1965.

The case was heard by *Rose, J.*

*David Lee Turner,* Assistant Attorney General, for Alcoholic Beverages Control Commission (*John J. Campbell,* for Cambridge Package Stores Association, amicus curiae, with him).

*Arthur M. Gilman* (*Chester C. Paris* with him) for the petitioner.

SPALDING, J. This is a petition for review brought under G. L. c. 30A, § 14, by T. J. Hartnett Beverage Company, Inc. (Hartnett), a package store licensee in Cambridge, against the Alcoholic Beverages Control Commission (ABC). Hartnett was charged by the Cambridge licensing commission with having sold bottles of liquor on December 22, 1964, at prices below those stated on its current posted price list in violation of G. L. c. 138, § 15. After a hearing, the Cambridge commission found that Hartnett had violated the statute and suspended its license for six days.

Hartnett appealed to the ABC under § 67 and the decision of the Cambridge commission was affirmed. Thereafter Hartnett brought this petition for review in the Superior Court. The ABC's finding that Hartnett had sold liquor below the prices stated in its price list was not challenged. Hartnett's sole contention both in the Superior Court and here is that the provisions of § 15 which relate to the price list requirement were repealed by implication by c. 138, § 25C, inserted by St. 1952, c. 385, and c. 567, § 1. See c. 30A, § 14 (8) (c). The judge below ruled in accordance with this contention and a decree was entered annulling the decisions of both the Cambridge commission and the ABC. The ABC appealed.

The pertinent provisions of § 15 are: "Every licensee hereunder shall keep conspicuously posted in each room where any alcoholic beverages are sold a price list of such beverages . . . . Sales by such licensees shall be made only . . . at the prices stated on the current posted price list." Section 15 contained the posting provision when

originally enacted.  St. 1933, c. 376, § 2.  The requirement that sales must be made at the prices stated in the posted list was added by St. 1935, c. 440, § 12.  Section 25C, which was added in 1952, sets up a procedure for the establishment by the ABC of minimum resale consumer prices for branded alcoholic beverages.  (For a summary of § 25C, see *Kneeland Liquor, Inc.* v. *Alcoholic Beverages Control Commn.* 345 Mass. 228, 230–231.)  Subparagraph (f) reads in part: "No licensee authorized to sell alcoholic beverages at retail for off-premises consumption shall sell, . . . solicit an order for, or advertise, any alcoholic beverages at a price less than the minimum consumer resale price then in effect."

In support of its contention that the above quoted portions of § 15 were impliedly repealed by § 25C, Hartnett relies heavily on the case of *Bond Liquor Store, Inc.* v. *Alcoholic Beverages Control Commn.* 336 Mass. 70.  It is apparent that the judge below considered this decision as controlling.  In the *Bond* case we held that § 25C impliedly repealed § 23A.  Section 23A required the ABC to suspend a license or permit for stated periods whenever it found a violation of any of the provisions of either the Fair Trade Law or the Unfair Sales Act.  Both of these acts are found in G. L. c. 93, §§ 14A–14K.  The reasoning in the *Bond* case was that both statutes were designed to eliminate price cutting and "loss-leader selling," and that if both statutes were operative there would be inconsistencies which would have unreasonable and capricious consequences.  Thus it was held that § 25C, which was enacted after § 23A, was intended to cover the whole subject of price cutting and repealed § 23A by necessary implication.

Section 15, unlike §§ 23A and 25C, is not a price fixing statute.  Prior to the enactment of §§ 23A and 25C, a package store licensee could sell alcoholic beverages at such prices as he saw fit.  All that § 15 required him to do was to post his price list conspicuously and to sell only at the posted prices.  See *H. Hollander Co. Inc.* v. *Alcoholic Beverages Control Commn.* 327 Mass. 390.  The object of the price requirement in § 15 is to ensure that in a given store

there will be no discrimination between customers with respect to prices. Section 25C sets up a procedure for establishing *minimum* consumer resale prices. Once those prices have been established the licensee is forbidden by § 25C (f) to sell below them. Neither § 25C nor § 15 undertakes to forbid sales in excess of the established minimum prices. Thus, unlike the situation in the *Bond* case, we do not have here two statutes which are attempting to cover the same subject matter. The repugnancy which existed between the statutes involved in that case does not exist here.

We hold, therefore, that the provisions of § 15 under consideration were not impliedly repealed by § 25C. Repeals by implication have never been favored by our law. "Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed." *Commonwealth* v. *Bloomberg,* 302 Mass. 349, 352, and cases cited. Compare *Homer* v. *Fall River,* 326 Mass. 673.

The final decree is reversed and a new decree is to be entered affirming the decision of the ABC with costs of appeal.

*So ordered.*