Orlandella Grocery Company, Inc. *vs.* Alcoholic
Beverages Control Commission
(and a companion case[1]).

Suffolk.   March 3, 1970. — May 8, 1970.

Present: Wilkins, C.J., Spalding, Kirk, Reardon, & Quirico, JJ.

*Alcoholic Liquors,* Package store, Price list.

Where the posted shelf price of an alcoholic beverage sold on premises
of a package store licensee was exactly the same as the "minimum
consumer price" approved by the Alcoholic Beverages Control Com-
mission, and no other price list was posted, the commission was war-
ranted in finding that the shelf price was posted in compliance with the
requirement of G. L. c. 138, § 15, that the current price list be posted,
as well as in compliance with the requirement of § 25C that the
minimum price be posted, and that a sale below the shelf price con-
stituted a violation of § 15.

Two petitions for review filed in the Superior Court on
November 2, 1966, and July 28, 1966.

The cases were heard by *Mitchell,* J.

*Charles M. MacPhee,* Assistant Attorney General
(*Walter H. Mayo, III,* Assistant Attorney General, with
him), for the Alcoholic Beverages Control Commission.

*James W. Kelleher* for Orlandella Grocery Company, Inc.

*Julius H. Soble* for Enterprise Liquor Store, Inc.

Spalding, J.   These are two petitions for review brought
under G. L. c. 30A, § 14, by package store licensees against
the Alcoholic Beverages Control Commission (ABC).   The
ABC had found violations of G. L. c. 138, § 15, and sus-
pended their licenses.   The Superior Court quashed the
decisions of the ABC, and the ABC appealed.

In both cases it was established that the petitioners had
sold alcoholic beverages at a price below that posted on the
shelf.   According to a stipulation in each case, the posted

---

[1] Enterprise Liquor Store, Inc. *vs.* Alcoholic Beverages Control Commission.

shelf price was in fact equal to the minimum consumer price as then approved for the alcoholic beverages in question under G. L. c. 138, § 25C. There was no evidence showing that there was a price list elsewhere in the store. The ABC charged each petitioner with a violation of G. L. c. 138, § 15, by selling alcoholic beverages at a price other than that stated on the current posted price list. The judge in the Superior Court found no substantial evidence of a violation of § 15 because there was no showing that the shelf prices were posted pursuant to § 15, rather than § 25C, which also provides for the posting of prices.

The question for decision is whether a violation of § 15 exists on proof that an alcoholic beverage is sold below the shelf price, when that price is also the same as that approved by the ABC under G. L. c. 138, § 25C. Both § 15 and § 25C require the posting of prices and forbid the sale of alcoholic beverages at a price below those posted.[2] The petitioners argue that since the posted price was exactly the same as the "minimum consumer price" required by § 25C, this is not proof that the price posted was the § 15 price. We disagree. Since there is a duty to post prices under both § 15 and § 25C, there would normally be two prices posted if a licensee chose, as he could, to sell alcoholic beverages at a price above the minimum set by § 25C. A licensee may sell at a price higher than the minimum set by § 25C (see *T. J. Hartnett Beverages Co. Inc.* v. *Alcoholic Beverages Control Commn.* 350 Mass. 619, 622), but both the actual retail price under § 15 and the minimum approved price

---

[2] Section 15, as amended through St. 1938, c. 353, reads in part, "Every licensee hereunder shall keep conspicuously posted in each room where any alcoholic beverages are sold a price list of such beverages . . . . Sales by such licensees shall be made only . . . at the prices stated on the current posted price list." Section 25C, as amended through St. 1965, c. 428, reads in part, "(e) . . . Each manufacturer and wholesaler . . . shall . . . compile, publish and mail to each retailer authorized to sell alcoholic beverages for off-premises consumption, a list, to be designated 'minimum consumer resale price list.' Such list, as then in effect, shall be conspicuously displayed within the interior of the licensed premises where sales are made and where they can be readily inspected by consumers. (f) No licensee authorized to sell alcoholic beverages at retail for off-premises consumption shall sell, offer to sell, solicit an order for, or advertise, any alcoholic beverages at a price less than the minimum consumer resale price then in effect . . . ."

under § 25C must be posted. Where the posted shelf price is equivalent to the § 25C approved minimum price, and there is no other price list posted, the ABC could have found that the posted price was also the current posted price list required by § 15. See *H. Hollander Co. Inc.* v. *Alcoholic Beverages Control Commn.* 327 Mass. 390, 392. Since the § 15 and § 25C prices could be equivalent, a single price posted, as here, conspicuously under the shelf where the alcoholic beverages are displayed satisfies the posting requirements of both sections. As indicated above, there was no evidence that there was any price list other than the shelf list.

It has been suggested that we reëxamine our decision in *T. J. Hartnett Beverage Co. Inc.* v. *Alcoholic Beverages Control Commn.* 350 Mass. 619, holding that § 15 was not impliedly repealed by § 25C. We perceive no reason for modifying that decision.

It follows that the decrees of the court below quashing the decisions of the ABC must be reversed, and new decrees entered affirming these decisions.

*So ordered.*