ALEX STEINBERGH & another,[1] trustees,[2] vs. RENT
CONTROL BOARD OF CAMBRIDGE.

Middlesex. March 4, 1991. - May 15, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Rent Control*, Controlled rental unit, Judicial review, Recoupment of capi-
tal investment. *Regulation. Administrative Law*, Judicial review, Regu-
lations. *Constitutional Law*, Equal protection of laws, Rent control.
*Due Process of Law*, Rent control.

A regulation of the Cambridge Rent Control Board providing a method of
recoupment of expenses incurred in making capital improvements to
rent controlled units was properly reviewable pursuant to G. L. c. 30A,
§ 7. [162-163]

Where a regulation of the Cambridge Rent Control Board allowing re-
coupment of expenses incurred in making capital improvements to rent
controlled units provided a higher rate of return to a category of land-
lords owning fewer than thirty-five units and was designed to ensure
that such landlords receive a fair operating profit from their investment
in housing stock, the regulation was rationally related to the purposes
of the Cambridge rent control act, St. 1976, c. 36 [163], and the dis-
tinction between large-scale and small-scale landlords thus did not vio-
late the Fourteenth Amendment to the Federal Constitution [164].

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 17, 1987.

The case was heard by *Robert J. Hallisey*, J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Frederick B. Hayes, III*, for the plaintiffs.
*Patricia A. Cantor* for the defendant.

---

[1] R. Stanley Bowden.

[2] Of the 1800 Mass Trust and the 205-211 Harvard Trust.

NOLAN, J. This case concerns the validity of a regulation promulgated by the rent control board of Cambridge (board). That regulation provides a method of calculating the rate at which owners of rent-controlled units may recoup capital investments. Because the regulation allows small-scale landlords a higher rate of return than large-scale landlords, the plaintiffs seek to have the regulation declared invalid as being beyond the powers of the board or, alternatively, as violative of the Fourteenth Amendment to the United States Constitution.

The plaintiffs brought suit pursuant to the judicial review provision of the Cambridge rent control authorizing act (the Act), St. 1976, c. 36, § 10, as appearing in St. 1985, c. 399, § 3, seeking to have the regulation declared void. A Superior Court judge entered judgment for the board, holding that the regulation was constitutional, valid, and enforceable. The plaintiffs appealed. We transferred the case to this court on our own motion and we affirm the judgment of the Superior Court.

1. *The Operation of the Regulation.*

Regulation 72-10 of the board specifies the method that it is to use in allowing landlords to adjust rents to reflect capital improvements. Each category of capital improvement is assigned a particular useful life. The rent is adjusted in such amount that over the useful life of the improvement, the cost of the capital investment, plus a designated interest rate, will be returned to the landlord.

For capital improvements completed after its effective date, the regulation provides two different methods of calculating the applicable interest rate. Those landlords who own fewer than thirty-five rental units throughout the Commonwealth, may receive a return on their capital investments which is seven percentage points above the applicable Federal interest rate as announced by the Internal Revenue Service. If the resulting rate is higher than 15% or lower than 12%, specific board approval is required. For landlords owning thirty-five or more rental units in the Commonwealth, the

regulation sets the permissible interest rate four percentage points lower than the rate for the smaller-scale landlords.

2. *Review of the Regulation.*

The parties disagree on the standard of review which a court should apply to this type of board action. The board claims that this is a regulation reviewable under G. L. c. 30A, § 7 (1988 ed.). The board claims that such a regulation must be upheld if it bears a rational relationship to the goals of the Act which authorize the regulation. The plaintiffs claim that this is not a regulation at all, but is rather a "rate," and therefore must be more closely scrutinized. The plaintiffs claim that this type of administrative action must be supported by evidence before the board at the time of the decision. *Receiver of the Boston Hous. Auth. v. Commissioner of Labor & Indus.*, 396 Mass. 50, 58 (1985). The plaintiffs argue that the Superior Court judge erred by treating the board's action as a regulation.

Statute 1976, c. 36, § 10, as appearing in St. 1985, c. 399, § 3, directs that regulations passed by the board be reviewed under G. L. c. 30A, § 7. The Act itself does not purport to define "regulation." We shall, therefore, borrow the definition of "regulation" from § 1 of c. 30A (1988 ed.): "the whole or any part of every rule, regulation, standard or other requirement of general application and future effect, including the amendment or repeal thereof, adopted by an agency to implement or interpret the law enforced or administered by it."

We have held that some rates established by an agency are of sufficiently general application to be treated as regulations under c. 30A. See *Kneeland Liquor, Inc.* v. *Alcoholic Beverages Control Comm'n*, 345 Mass. 228, 233 (1962); *Pioneer Liquor Mart, Inc.* v. *Alcoholic Beverages Control Comm'n*, 350 Mass. 1, 8-10 (1965). Other rates are not so generally applicable and therefore do not fall under the c. 30A definition of "regulation." *Receiver of the Boston Hous. Auth.* v. *Commissioner of Labor & Indus., supra* at 57-58. On the basis of these cases, the plaintiffs seek to characterize the challenged regulation as a "rate" and thus increase the level

of scrutiny which we apply in our review. However, the regulation under review simply provides a method for determining what a landlord may charge in order to recoup expenses incurred in capital improvements to the units. Because the challenged regulation is indeed a regulation, we review it pursuant to G. L. c. 30A, § 7. St. 1976, c. 36, § 10.

We note at the outset that ordinarily duly adopted regulations enjoy a presumption of validity equal to that of a statute. *Greenleaf Fin. Co.* v. *Small Loans Regulatory Bd.*, 377 Mass. 282, 293-294 (1979). Section 5 (*e*) of the Act states that "the board shall have the power to . . . promulgate regulations to effectuate the purposes of this act." The Act states that among its purposes is to provide decent and affordable rental housing. St. 1976, c. 36, § 1. The board claims that the purpose of the regulation, to ensure quality rental housing at an affordable price, tracks the purpose of the statute.

The board asserts that the purpose of the distinction between landlords is to ensure that landlords will receive a fair operating profit from their investment. Large-scale landlords, the board argues, are able to obtain financing for capital improvements at a lower interest rate than is available to smaller-scale landlords. If small-scale landlords cannot make a profit from investing in their properties, they will not do so and the housing stock will deteriorate. Large-scale landlords can make money at a lower interest rate, the board argues. The board argues that any potential for excess profit should be devoted to keeping rents affordable.

The plaintiffs do not deny that these purposes are in keeping with the purposes of the Act. Rather, they argue that the distinction between large-scale and small-scale landlords is irrational. However, it is a rational hypothesis (not disproved in this record) that landlords with greater holdings may have an easier and less expensive opportunity for financing capital improvements to rental housing than those with smaller holdings. On the whole, then, the regulation is rationally related to the purposes of the statute.

### 3. Constitutional Challenges.

The plaintiffs also argue that the regulation violates the due process and equal protection clauses of the Fourteenth Amendment.[3] When reviewing an economic regulation under the Fourteenth Amendment, we do not pass on the wisdom of the law. If the law bears any rational relationship to a legitimate State interest, we will not strike it. *Andover Sav. Bank v. Commissioner of Revenue*, 387 Mass. 229, 241-242 (1982). The plaintiffs contend that the division of landlords into two groups, each with a different method of determining the interest rate to be used, is not related to any legitimate State interest.

As noted above, the declared purpose of the Act is, among other things, to maintain decent and affordable rental housing. That is a legitimate State interest. We have already stated that the regulation is rationally related to this purpose. Therefore, the regulation does not violate the Fourteenth Amendment.

The judgment of the Superior Court is affirmed.

*So ordered.*

---

[3]The Fourteenth Amendment states, in relevant part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."