RICHARD HARRIS *vs.* BOARD OF REGISTRATION IN CHIROPODY (PODIATRY).

Suffolk. December 6, 1961. — February 6, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & SPIEGEL, JJ.

*Administrative Board or Officer. Regulation. State Administrative Procedure Act. Chiropody.*

There was no merit in a contention by a chiropodist that a decision by the board of registration in chiropody revoking his license was "made upon unlawful procedure" within § 14 (8) (d) of the State administrative procedure act, G. L. c. 30A, in that the procedural regulations adopted by the board in accordance with § 9 before his hearing had been adopted at an executive session in disregard of his attorney's request for an opportunity to be heard respecting their adoption, where, as permitted by § 3, the board incorporated in the regulations a finding that such opportunity was "unnecessary and impracticable" and a recital that the board dispensed with it. [538–539]

The conduct of a hearing by the board of registration in chiropody, without legal assistance, on the question of revoking a chiropodist's license was such as to require a new hearing in view of a hostile atmosphere and lack of decorum, not conducive to impartiality, which developed at the hearing, together with remarks reflecting bias by one of the board members, indications that the board was taking into account matters not specified in the charges against the chiropodist, and the taking of judicial notice by the board without adequate notice to him as required

by § 11 (5) of the State administrative procedure act, G. L. c. 30A, although the board intended to afford a fair hearing and the hostile atmosphere and lack of decorum were due in part to behavior and words of the chiropodist and his attorney.   [539–541]

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on March 27, 1961, for review of a decision by the respondent board revoking the petitioner's license to practise chiropody.

It appeared that by letter dated April 28, 1960, the petitioner was notified of a hearing to be held by the board on the question of suspending or revoking his license; that at that time the board had not adopted procedural regulations as required by § 9 of the State administrative procedure act, G. L. c. 30A; that on May 25, 1960, the board adopted such regulations at an "executive session"; that on July 20, 1960, the board conducted a hearing on charges against the petitioner and on September 14, 1960, made a decision revoking his license; that on September 30, 1960, the petitioner brought a petition for review of the decision; that the earlier case was remanded to the board for further findings by a decree entered by a single justice on December 12, 1960; and that the board on March 8, 1961, made additional findings.

The case was reserved and reported by *Whittemore,* J.

*Morris Michelson,* for the petitioner.

*Edward J. McCormack, Jr.,* Attorney General, *& Pasquale J. Piscitelli,* Assistant Attorney General, for the respondent, submitted a brief.

WHITTEMORE, J.   The Board of Registration in Chiropody (Podiatry) (G. L. c. 13, § 12A) on September 14, 1960, revoked the license of the petitioner (Harris) to practise "chiropody (podiatry)" (hereinafter referred to as chiropody).   Harris sought review under G. L. c. 112, § 64.[1]   The single justice reported the case without decision.

---

[1] "The supreme judicial court, upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided in paragraph (8) of section fourteen of chapter thirty A; but prior to the entry of such decree no order shall be made or entered by the court to stay or supersede any suspension, revocation or cancellation of any such certificate, registration, license or authority."

This is the second petition for review. On the first petition a single justice on December 12, 1960, remanded the proceedings to the board because of inadequate findings. The order for remand provided: "After remand, the board may wish (a) to reopen the hearings to supplement the evidence; or (b) to adopt rules and regulations after full and certain compliance with c. 30A, § 3; or (c) to afford further opportunities for presentation of contentions perhaps not fully made in behalf of the petitioner; or (d) to place upon the record indications of any matters of which the board has taken or proposes to take judicial notice; or (e) perhaps to obtain further testimony, expert or otherwise, of what in relevant respects are proper standards of professional diagnosis, treatment, and conduct."

The board on March 8, 1961, in a letter to Harris made further detailed findings. It did not adopt any of the permissive suggestions of the remand order.

1. Harris contends that the order of the board was "made upon unlawful procedure" (G. L. c. 30A, § 14 [8] [d]). His first specification is that there were no proper regulations. General Laws c. 30A (State Administrative Procedure Act), § 9, provides: "Each agency shall adopt regulations governing the procedures prescribed by this chapter." Section 3 requires that, prior to the adoption of regulations of the sort adopted, the agency "shall give notice and afford interested persons an opportunity to present data, views or arguments" by publication in newspapers and, where appropriate, in "trade, industry or professional publications" and by notice to "any person specified by any law" and "any person or group filing written request" "for notice of proposed action which may affect that person or group." "The agency shall afford interested persons an opportunity to present data, views or arguments in regard to the proposed action orally or in writing." All these requirements, however, may be made inapplicable in respect of proposed action by a finding of the agency that they "are unnecessary, impracticable or contrary to the public interest." The board admits the

allegations of the petition to the effect that the board adopted its rules and regulations governing hearings after its first notice to Harris of a hearing and after request from his attorney for opportunity to be heard in respect of adoption of the rules; and adopted the rules at an executive session from which the attorney, although present at the place and wanting to be heard, was excluded. A preliminary paragraph of the rules and regulations in evidence recites that the board "provides [sic] that the requirements of notice and opportunity to present views . . . are unnecessary and impracticable and hereby dispenses with such requirements . . . [for the] reasons . . . that said proposed regulations are of such routine and noncontroversial character that even the machinery for notice and opportunity to present views is too cumbersome."

It was open to the board to find in accordance with G. L. c. 30A, § 3, that it was "unnecessary" to give notice and a chance to be heard in respect of the adoption of rules and regulations for the conduct of hearings. The Legislature gave wide discretion to the board but, in so doing, it showed recognition of the fairness and wisdom of allowing interested parties to be heard. In the circumstances it would have been appropriate and in keeping with the general intent of the statute to have given Harris's attorney the opportunity to present his suggestions orally or in writing. The failure to do this was not, however, error of law.

The regulations adopted do little more than paraphrase the requirements of G. L. c. 30A, § 11. They appear scarcely adequate to serve the purposes contemplated by the statute. It does not appear, however, that Harris was deprived of any right, or was prejudiced, because of their insignificance.

2. There is substance, however, in Harris's specifications in respect of the conduct of the hearing. From the start, and throughout, the requests and statements of Harris's attorney in respect of the alleged absence of legal rules and the conduct of the hearing and his objections to evidence appeared technical and provocative to the board

members, and were irritating to them. The attorney was undoubtedly frustrated by the lay procedure; he did, however, make some unnecessarily provocative remarks, such as his characterization of the hearings as "two steps below the kangaroo court." He was unreasonably persistent in demanding at the threshold, and from time to time thereafter, that the board hear his protest, based on the way the rules and regulations were adopted, and receive in evidence letters in regard thereto, rather than saving his rights, and completing the record later as the board finally permitted. Harris's testimony and the board's recollection of what he had said at a preliminary, informal hearing in respect of the complaints added to the irritation of the members of the board. We find, however, that the hostile atmosphere and lack of decorum of the hearing as specified below, although due in part to the words and conduct of the attorney, and of Harris, were also in important part due to the board's lack of understanding of how law points must be reserved at a trial and to the failure of the board to have the help of an attorney to present the evidence and to advise in respect of legal procedure. The attorney for Harris sought to "insist that somebody from the Attorney General's office be here to instruct you gentlemen."

The board, we find, intended to give a fair hearing. As the remanding justice found, counsel for Harris "was allowed wide opportunity to explore the circumstances when he put his client on the stand and he appears to have been allowed reasonable cross-examination of complaining witnesses . . . ." But this was not all that was needed. The atmosphere which developed was not conducive to the impartial hearing which is required even though, as the statute provides, more latitude is to be allowed than in court. Comments of one member transcended reasonable limits. These comments culminating in the statement near the close of the hearing that the attorney "must believe his client is guilty as hell" were in large part an emotional response to the overzealous efforts of the attorney to preserve his client's legal rights and manifested a misunder-

standing thereof.   Nevertheless, the vehement expressions used reflected a "biased attitude of mind" by one sitting as a judge and cast serious doubt on the impartiality of the hearing.   *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 576.

We need not determine whether, in the light of the provocation, the lack of decorum of the hearing would alone call for reversal.   There were other errors and, viewing all of them, we hold that another hearing must be had.   We specify: (a) the indecorum already noted; (b) the board in its questions indicated that it was impressed by indications of fee splitting, although that was not charged in the specifications of misconduct, and it did not adequately rule that it would not give weight thereto; (c) the board indicated some reliance on alleged misrepresentation by Harris that an office attendant was a nurse although nothing was specified in respect thereof; (d) the board appears to have taken judicial notice of testimony or data obtained at its earlier informal hearing and it did not adequately notify Harris thereof as required by G. L. c. 30A, § 11 (5).

3.   We do not agree with the petitioner's contention that the decision of the board is unsupported by substantial evidence.   We do not, however, make a careful analysis to determine whether the evidence supports each of the findings.   Such review should follow another hearing and new findings.   We suggest that at another hearing the assistance of the Attorney General be obtained.

4.   The revocation order of September 14, 1960, is modified to operate as a suspension (see G. L. c. 112, § 64, *supra*), pending further hearing to be begun within sixty days, and the board is to determine its action only on the evidence there adduced.   If such hearings are not begun as ordered, or completed within a reasonable time, application may be made for a modification of this order.   The case is remanded to the board for further proceedings in accordance herewith.

*So ordered.*