HENRY I. MARMER *vs.* BOARD OF REGISTRATION OF CHIROPRACTORS.

Suffolk. March 5, 1970. — June 24, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ.

*Administrative Board or Officer. State Administrative Procedure Act. Constitutional Law,* Right to hearing, Due process of law. *Chiropractor.*

Statement of principles and procedures respecting a grant or a denial by a supervisory agency of a hearing to an applicant for an occupational license who has failed the qualifying examination. [17]

A proceeding before the Board of Registration of Chiropractors upon an application for registration as a chiropractor under G. L. c. 112, § 91, was, within § 1 (2) of the State Administrative Procedure Act, c. 30A, a proceeding before an agency, which by c. 112, § 93, was expressly authorized to conduct adjudicatory proceedings, and where an applicant who had failed the qualifying examination alleged that the board had conducted the examination arbitrarily and capriciously and in a manner not uniform with other examinations it was held that he had a constitutional right to a hearing before the board upon proper and seasonable request therefor, and to judicial review thereof, under c. 30A. [15–16, 18]

BILL IN EQUITY filed in the Superior Court on December 20, 1968.

---

The suit was heard by *Ford, J.,* on demurrer.

*Irving Marmer* for the plaintiff.

*Lawrence H. Norris,* Assistant Attorney General (*Walter H. Mayo, III,* Assistant Attorney General, with him), for the defendant.

REARDON, J.   The plaintiff in this suit in equity was an unsuccessful applicant for registration to practice chiropractic in Massachusetts, having failed the practical technique portion of three qualifying examinations which he took in March, September and December of 1967.   He passed the written portion the first time he took the examination. His bill relates among other charges that due to the interrelationship of certain officers and directors of the Massachusetts Chiropractic Association and the Board of Registration of Chiropractors, which had in its membership an individual who had been president of the Massachusetts Chiropractic Association, there has been a concerted attempt to prevent the plaintiff's registration.   He alleges that "[h]aving failed to preclude the . . . [plaintiff's] written examination by the Board, they now seek to prevent his registration by making it impossible for him to ever demonstrate his proficiency in practical chiropractic technique, using the inherently vague character of the practical demonstration to accomplish this purpose."   He further charges "that the Board used arbitrary, capricious and differing standards of proficiency for each candidate, or no defined administrative standards at all, during the examinations of practical technique it conducted on March 30, September 20 and December 14, 1967."   He alleges that while others were examined only superficially or not at all the examination which he underwent was minute and intensive and so arranged "that he could never successfully demonstrate his chiropractic technique to this Board's satisfaction."   He asks that the defendant board be required to evaluate his results in the practical examinations which he took "according to standardized procedures, using the same criteria and achievement levels applied to all other examination candidates on those dates."   Further, he prays that the

court order the defendant to evaluate his examinations' results "according to defined administrative standards, applied impartially and uniformly to the results achieved by other examination candidates on those same dates," and that the defendant should be ordered to register him as a chiropractor on the payment of the statutory fee.

The defendant demurred on two grounds; first, that the plaintiff's bill had failed to set forth facts sufficient to entitle him to relief in equity, and, second, that the bill was so vague and indefinite as "to fail to inform the . . . [defendant] of the claim or claims intended to be asserted against . . . [it]."

An interlocutory decree sustaining the demurrer on ground one without leave to amend and a final decree dismissing the bill were entered in the Superior Court. The plaintiff appealed from both decrees.

The question posed by the appeals is whether the plaintiff was entitled to equitable relief instead of proceeding for relief through some other means.

General Laws c. 30A, § 1 (1), defines an adjudicatory proceeding as a "proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." There can be no doubt that the Board of Registration of Chiropractors is an agency as defined in G. L. c. 30A, § 1 (2), as amended by St. 1965, c. 725.[1] Under G. L. c. 112, § 93, there is conferred upon the board express authority to conduct adjudicatory proceedings.[2] *Milligan* v. *Board of Registration in Pharmacy*, 348 Mass.

---

[1] "'Agency' includes any department, board, commission, division or authority of the state government, or subdivision of any of the foregoing, . . . authorized by law to make regulations or to conduct adjudicatory proceedings . . . ."

[2] "The board may refuse to grant a certificate to any person who has been convicted of a felony involving moral turpitude, who has been guilty of unprofessional conduct, or who is addicted to any vice to such a degree as to render him, in the opinion of the board, unfit to practice chiropractic, and may, for any of said causes, after due notice and hearing, revoke a certificate already issued."

491, 494.   In applying for registration each applicant must fulfill certain educational and character requirements (G. L. c. 112, § 91) prior to being given under G. L. c. 112, § 94, a written examination as well as an examination on the "practical demonstrations of chiropractic technique . . . . Every applicant whom the board finds qualified to practice chiropractic shall be registered as a chiropractor by the board." In the event that an applicant fails in his examination the statute is silent as to any procedures providing for reëvaluation of his examination results. We are of the belief, however, that an opportunity for an agency hearing relative to those results should be afforded where there is a question of arbitrary and capricious conduct in grading examinations on the part of the board as alleged by the plaintiff. In our view the plaintiff is entitled to such a hearing which is "required by constitutional right" within the meaning of c. 30A, § 1 (1).

As we stated in *Milligan* v. *Board of Registration in Pharmacy, supra,* 495, "There is growing recognition (1) that administrative decisions on applications for licenses and permits to engage in a lawful occupation . . . directly affect the personal rights, property, or economic interests of the applicant, and (2) that fundamental considerations of fairness require such decisions . . . to be made *objectively,* under reasonable procedures, and with appropriate opportunity for judicial review" (emphasis supplied). We there noted that this opportunity is important "because of the increasingly large number of occupations now being subjected to administrative regulation." In this instance there is before us the question of the denial to an applicant of the opportunity to engage in a calling for which he has been trained and qualified except for the final requirement of the passage of the examination. A State cannot exclude a person from the practice of an occupation in a manner or for reasons that contravene the due process or equal protection clause of the Fourteenth Amendment. *Milligan* v. *Board of Registration in Pharmacy, supra,* 494–495. *Schware* v. *Board of Bar Examiners,* 353 U. S. 232, 238–239. *Willner* v.

*Committee on Character & Fitness,* 373 U. S. 96, 102. Procedural due process requires the notice of the opportunity for hearing. *Goldsmith* v. *United States Bd. of Tax Appeals,* 270 U. S. 117, 123. *Willner* v. *Committee on Character & Fitness, supra,* at 103. If an occupation such as chiropractic is so regulated that qualified persons are restricted from engaging in it, "it is of special importance that there be apparent the public grounds which constitutionally justify the interference with such persons' freedom of employment and business activity." *Milligan* v. *Board of Registration in Pharmacy, supra,* at 498.

It is our view that where an applicant has reason to believe that the examination of him was not evaluated impartially but was conducted arbitrarily or capriciously or not in a manner uniform with the examination given to other applicants he should have a right to a test of his allegations. See *York, Chairman, Florida State Bd. of Dental Examrs.* v. *State, ex rel. Schwaid,* 152 Fla. 285. This is not to be construed as a right to a hearing arising merely from the failure of an examination. However, when he makes a proper request for a hearing in accordance with the procedures outlined in the following sentences the board is required to afford him the opportunity for such hearing. The applicant for an occupational license must first have failed the qualifying examination given under the supervision of an agency. Notice of that failure shall include also notice of his right to a hearing if properly requested. See G. L. c. 30A, § 10. Such right is to be exercised by a request in writing from the applicant for a hearing, stating sufficient specific and factual *reasons* for requesting it, as distinct from simple allegations amounting only to conclusions. If he states adequate factual reasons, he should be granted a hearing with the right of judicial review. If he does not state adequate factual reasons, the hearing should be denied. Whether the reasons he states are adequate may present a judicial question should the board deny the hearing.

In the suit before us the plaintiff has chosen to proceed in equity. He had, however, another avenue for remedy of

his grievance, as we have indicated. It was thus not error to sustain the demurrer on the first ground. *Spector* v. *Loreck,* 342 Mass. 685, 687–688. *Selectmen of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 759.

However, we are of opinion (see *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731) that the applicant was entitled to notice under G. L. c. 30A not only of the fact that he had been successful or failed in the examination which was given to him but, in the event of his failure, of his right to a hearing. Since he has not received such a notice from the board, it is our view that he is entitled to a hearing provided that he makes a proper and seasonable request to the board therefor, and that such request would be seasonable if made within thirty days from the date of rescript.

*Decrees affirmed.*