HENRY I. MARMER & another[1] *vs.* BOARD OF REGISTRATION OF CHIROPRACTORS.

Suffolk.    February 14, 1973. — April 11, 1974.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Administrative Board or Officer.    State Administrative Procedure Act.    Chiropractor.    Evidence,* Relevancy and Materiality, Records of Board of Registration of Chiropractors.

The admissibility of records of the Board of Registration of Chiropractors at a hearing before the board was to be determined by the relevancy of the records to the matter being heard, not by whether they were public records.   [166]

In a proceeding before the Board of Registration of Chiropractors on allegations, by an applicant for registration who had passed the written portion of his examination but had failed in the portion of his examination involving a practical demonstration of chiropractic techniques, attacking the conduct and evaluation of the latter portion, where his counsel sought, for introduction in the record of the hearing, the entire files of the board as to all the candidates examined at the same time as such applicant, but failed, at the insistence of the board, to show the necessity or relevancy to the applicant's allegations of such files and in effect declined to proceed with the hearing unless they were produced, there was no error in a refusal by the board to produce them or in

_____

[1] Martin G. Griffin.

a decision by the board not to revise the results of the examination. [164-166]

In a suit in equity under G. L. c. 30A, § 14, for review of an agency decision, it was held that no purpose would be served by allowing the plaintiffs to take depositions of witnesses in this court. [167-168]

BILL IN EQUITY filed in the Superior Court on December 8, 1970.

The suit was heard by *Dwyer,* J.

*Irving Marmer* for the plaintiffs.

*Edward D. Kalman (Robert H. Quinn,* Attorney General, *& Walter H. Mayo, III,* Assistant Attorney General, with him) for the Board of Registration of Chiropractors.

GOODMAN, J.   This is an appeal by the plaintiffs from a final decree of the Superior Court affirming a decision of the Board of Registration of Chiropractors (board) "not to revise . . . [their] examination results." See G. L. c. 13, §§ 64-66; G. L. c. 112, §§ 89-97 (all as added by St. 1966, c. 409, §§ 1 and 2). The decision was made after a hearing on the plaintiffs' written requests made pursuant to the opinion of the Supreme Judicial Court in *Marmer* v. *Board of Registration of Chiropractors,* 358 Mass. 13 (1970). The plaintiff in that case, who is also a plaintiff in this case, applied for registration to practice chiropractic in Massachusetts. He passed the written portion of the examination but failed the examination in "demonstrated proficiency in manipulative techniques." St. 1966, c. 409, § 3. See G. L. c. 112, § 94. He alleged in some detail that the practical examinations were conducted unfairly; the Supreme Judicial Court held (p. 17) "that where an applicant has reason to believe that the examination of him was not evaluated impartially but was conducted arbitrarily or capriciously or not in a manner uniform with the examination given to other applicants he should have a right to a test of his allegations." The court further held (p. 17) that "[s]uch right is to be exercised by a request in writing from the applicant for a hearing [before the

board], stating sufficient specific and factual *reasons* for requesting it, as distinct from simple allegations amounting only to conclusions. If he states adequate factual reasons, he should be granted a hearing with the right of judicial review" (emphasis original).

The hearing requested by both plaintiffs was held on November 25, 1970, and thereafter, on December 8, the plaintiff Marmer filed the present bill, alleging that he "has not been heard by the Board in accordance with . . . [the first *Marmer* case]."[2] The board filed the record of the hearing (G. L. c. 30A, § 14 [4]); the parties and the Superior Court have treated the bill as a petition for review under G. L. c. 30A, § 14, and we do likewise.

The board's decision not to revise the plaintiffs' examination results, and the reasons given[3] (see G. L. c. 30A, § 11 [8]) are fully justified by the record of the hearing before the board. The agency decision was not "[b]ased upon an error of law" (G. L. c. 30A, § 14 [8] [c]) or "[u]nsupported by substantial evidence" (G. L. c. 30A, § 14 [8] [e]) or "[m]ade upon unlawful procedure" (G. L. c. 30A, § 14 [8] [d]) or "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law" (G. L. c. 30A, § 14 [8] [g]). At the hearing before the board the plaintiffs' counsel in effect refused to proceed unless the board should produce, for introduction

---

[2] The bill was filed by the plaintiff Marmer on that date, apparently in anticipation of an unfavorable decision of the board, which was not forthcoming until January 15, 1971. The plaintiff Griffin, who had also passed the written portion of the examination but failed the practical portion, was allowed to intervene on January 15, 1971.

[3] "After hearing, the Board has concluded that you failed to present to the Board any evidence sufficient to substantiate any of the allegations stated in your request of June 25, 1970, and that you failed to present any evidence to indicate that the examinations of you, or any of them, were not evaluated impartially or that they or any of them, were conducted arbitrarily or capriciously or not in a manner uniform with the examinations given to other candidates."

into the record of the hearing[4], the entire file of each applicant who had been examined at the same time as the plaintiffs.[5]   Much of this was obviously irrelevant to their factual allegations, as set out in the requests for a hearing, that the practical examination had been improperly given.[6]   But counsel for the plaintiffs kept insisting on obtaining information about the written ex-

[4]PLAINTIFFS' COUNSEL:  "That is all I was prepared to do this morning and I was going to introduce, through the members of the Board, the Board records.  If you deny that opportunity to me, then we will bring this hearing to an end."

[5]PLAINTIFFS' COUNSEL:  "I need all of the Board's records, each and every record of the Board of the examinees, the candidates that were examined on the same dates that Dr. Marmer was examined."

*  *  *

CHAIRMAN:  "Why?"
PLAINTIFFS' COUNSEL:  "It is not necessary for me to tell you.  For the reasons that are specified in my letter, generally, but specifically, no. . . ."

[6]The factual reasons given for requesting the hearing related entirely to the practical examination, e.g., "3.  On the dates specified, the Board examined other candidates perfunctorily and superficially in practical chiropractic and manipulative technique, while Henry I. Marmer was examined intensively and minutely in practical chiropractic and manipulative technique.

*  *  *

"5.  On the dates specified, the Board graded faulty and/or incorrect demonstrations of chiropractic and/or manipulative technique by other candidates, as passing.  The correct and proper demonstration of chiropractic and/or manipulative technique by Henry I. Marmer were graded as failing.

*  *  *

"7.  On the dates specified, Henry I. Marmer demonstrated a level of achievement in practical and/or manipulative technique which was the same as, or superior to that of other candidates who had been graded as passing those examinations.  Nonetheless, Henry I. Marmer was informed that he had failed those examinations."
Substantially the same letter was sent by Martin G. Griffin.

aminations taken by the applicants, although the plaintiffs had both passed the written examinations and the requests for a hearing raised no question with reference to them. (See fn. 6.) The plaintiffs argue that the files were public records, but we need not decide which, if any, of the board's records could be so characterized. See *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682 (1972); *Dunn* v. *Assessors of Sterling,* 361 Mass. 692 (1972). Whether any part of the board's records was or was not a public record was not determinative of the plaintiffs' right to introduce any of them as evidence at the hearing — their purpose in requesting them. (See fn. 4.) The admissibility of the records was a matter of their relevancy to the allegations made by the plaintiffs. Despite repeated requests by the board, the plaintiffs' counsel did not address himself to the allegations in the letters requesting a hearing. (See fn. 6.) Nor was he willing to explain how the total records were necessary in this case or to offer to designate even tentatively the material he said he required. In these circumstances the board was not unreasonable in refusing his demands that all the board's records of the plaintiffs' fellow examinees be given to him for introduction in evidence. This case, involving practical demonstrations, is distinguishable from cases involving written examinations, where it is feasible (as in *Application of Peterson,* 459 P. 2d 703 [Alaska, 1969]) to require the production, not only of the plaintiffs' examinations but also of model answers, if any, and a representative sample of the answers by other examinees. See *Cupples* v. *Marzall,* 101 F. Supp. 579, 582-583 (D. D.C. 1952); *York* v. *State ex rel. Schwaid,* 152 Fla. 285 (1943).

In the circumstances, the plaintiffs' counsel was not placed at a disadvantage by the board's insistence that he present evidence specifically relevant to his charges. The plaintiffs' allegations related to the practical demonstration of chiropractic techniques. The demonstration by each applicant was conducted in the presence of the

others, including the plaintiffs. Thus, the plaintiffs, who alleged they were qualified chiropractors, were in a unique position to substantiate the claims made in their request for a hearing (fn. 6) and perhaps to present a case sufficient to require that the board "come forward and . . . [disclose] what they had." The *York* case, *supra,* at 288. *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 350 Mass. 712, 719-720 (1966). See *Salisbury Water Supply Co.* v. *Department of Pub. Util.* 344 Mass. 716, 721 (1962).

The precise relief requested by the plaintiffs (see Rule 1:15 [1] [e] of the Appeals Court, 1 Mass. App. Ct. 889 [1972]) is that they be given an opportunity to take the deposition of the board's chairman and to depose other witnesses in this court.[7] Quite apart from the fact that S.J.C. Rule 3:15, to which the plaintiffs refer, has no application to a case on appeal to the full Appeals Court or a panel thereof, we see no purpose to be served by such a deposition. It could not, in any event, become a part of the factual record in this case which must, in the first instance, be developed by the board. *Duato* v. *Commissioner of Pub. Welfare,* 359 Mass. 635, 638-640 (1971). *Conley* v. *Director of the Div. of Employment Security,* 340 Mass. 315, 318, n. 5 (1960).

Further, the record in this case — including the transcript of the hearing before the board, the proceedings on the plaintiffs' motion filed in the Superior Court for leave to introduce evidence[8], and the transcript of the proceed-

---

[7] Before argument, the plaintiffs filed a motion to depose in this court which was denied without prejudice to counsel's briefing the subject matter of the motion in this appeal.

[8] This was treated as a motion pursuant to G. L. c. 30A, § 14(7), for leave to introduce further evidence before the board. The motion was properly denied since there was no "good reason for failure to present it [the evidence] in the proceeding before the agency." The requests for a hearing were made in June and July of 1970, and the hearing itself was held on November 25, 1970. Nor was there a request for a continuance. See *Daley* v. *District Court of Western*

ings before the board on the question of a rehearing, the denial of which is not contested in this appeal — indicates that the plaintiffs were given ample opportunity to present their case. There is no indication in the record before us that the procedure before the board was unfair so as to raise a question whether the plaintiffs were afforded procedural due process and thus bring into play G. L. c. 30A, § 14 (6),[9] in order to "carr[y] out the broad, remedial purpose of the State Administrative Procedure Act . . . to provide comprehensively for procedural due process in administrative proceedings." *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 500 (1965), citing *Opinion of the Justices,* 328 Mass. 679, 682-691 (1952), and cases "relating to somewhat analogous constitutional questions." See *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 574-576 (1931); *Harris* v. *Board of Registration in Chiropody*

---

*Hampden,* 304 Mass. 86, 94-96 (1939). See also *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 573-574 (1931). (See fn. 4.) Further, before passing on the motion, the court suggested that the plaintiffs request a rehearing from the board — within the court's powers under § 14 (7) to impose "such conditions as the court deems proper." The record of the proceedings on the request for rehearing, which was filed in the Superior Court, provides further support for the denial of the motion. The board's request, which counsel for the plaintiffs refused, that he provide them with affidavits by the witnesses he proposed to present at a reopened hearing, was, so far as we can tell, not inconsistent with the board's rules, which are not before us, and was reasonable under the circumstances and not an abuse of discretion. The *Ott* case, *supra.* Compare Rule 46 of the Superior Court (1954). See *Cambridge Elec. Light Co.* v. *Department of Pub. Util.* 363 Mass. 474, 501 (1973). Even if this motion could fairly be said to have invoked § 14 (6) (see fn. 9), which it mentions, it was properly denied because it did not seek to introduce evidence touching "irregularities in procedure" at the hearing, the record of which was being reviewed.

[9] "[I]n cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court."

(*Podiatry*), 343 Mass. 536, 539-541 (1962); *Massachu-setts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 350 Mass. 712, 715-716 (1966); Jaffe, Judicial Control of Administrative Action, 621, 652-653. Cf. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 97 (1939); *Clarke* v. *Board of Collegiate Authy.* 327 Mass. 279, 285 (1951); *Duato* v. *Commissioner of Pub. Welfare,* 359 Mass. 635, 638-640 (1971).

*Decree affirmed.*