ROBERT KEARNEY & another[1] vs. BOARD OF REGISTRATION
IN PHARMACY.

Suffolk.    December 10, 1975. — January 14, 1976.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Evidence,* Judicial notice, Regulation. *Jurisdiction, Civil,* Judicial re-
view under State Administrative Procedure Act. *Administrative
Board or Officer. State Administrative Procedure Act. Drug Store.*

Where the record on appeal from a decision of the Board of Registra-
tion in Pharmacy suspending the certificates of registration and re-
newal of registration of a pharmacist did not contain the rules or
regulations of the board on which the charges against the pharma-
cist were based, this court could not determine whether the board's
decision was valid and ordered a rehearing of the charges by the
board. [26-29]
Where the Board of Registration in Pharmacy failed to comply with
the notice requirements of either G. L. c. 30A, § 11 (1), or c. 112,
§ 40, its decision to suspend the registration of a corporation to dis-
pense controlled substances and the corporation's permit to conduct
a retail drug business was invalid. [29]

CIVIL ACTION commenced in the Superior Court on Au-
gust 29, 1974. The case was heard by *Mitchell,* J.

*David Berman* for the plaintiffs.

*John F. Hurley,* Assistant Attorney General, for the
defendant.

GRANT, J.   The plaintiffs have appealed from a judg-
ment of the Superior Court (entered under G. L. c. 30A,
§ 14[7], as amended through St. 1973, c. 1114, § 3) which
affirmed a decision of the Board of Registration in Phar-
macy (board) which purports (a) to suspend the certifi-
cates of registration and renewal of registration of the in-
dividual plaintiff (Kearney) as a pharmacist (G. L. c. 112,
§§ 24, 24A, 27 and 28) and (b) to suspend both the regis-

---

[1] Epray Drug, Inc.

tration of the corporate plaintiff (Epray) to dispense controlled substances (G. L. c. 94C, §§ 7 and 13) and its permit to conduct a retail drug business (G. L. c. 112, §§ 37-40). The charges which were levelled against Kearney, all of which were sustained by the board, appear in the board's letter of July 2, 1973, which is reproduced in the margin.[2] No charges were ever advanced against Epray, in whose drugstore Kearney worked as a pharmacist.

*a. The Kearney appeal.* The first charge set out in the aforementioned letter clearly rests on some rule or regulation promulgated by the board, possibly under the authority of G. L. c. 112, § 42A, as most recently amended by St. 1970, c. 584. Each of the statutory provisions cited in the second through fifth charges (G. L. c. 94C, §§ 17[*a*] and [*c*],[3] 20 and 23 [*d*]) is concerned with the dispensing

---

[2]                                        July 2, 1973
Robert Kearney
Epray Drug, Inc.
93 Main Street
Stoneham, Mass.
Dear Mr. Kearney:

Recent inspection of Epray Drug, Inc. (D.B.A. Redd Drug) by inspectors of this agency revealed the following alleged violations: 1. The prescription area did not meet the requirements of cleanliness and sanitation (Rule 49, item 7) 2. Oral prescriptions lacked information required by Sec. 20 of Chap. 94C G. L. 3. Illegal sales of Valium 5 mg. during period beginning January 1, 1973 to June 1, 1973 (Chap. 94C — Sec. 17(d) G. L.) 4. Prescriptions for Schedule III were filled which called for amounts in excess of a thirty (30) day supply. (Chap. 94C — Sec. 23(d). 5. Schedule II prescriptions were filled by telephone order in violation of Chap. 94C — Sec. 17(a). 6. Violations of Chapter 112 G. L. Sec. 61 (malpractice and gross misconduct in the practice of the profession.) A hearing before the Board will be forthcoming. You will receive notification thereof at a future date and in accordance with Chapter 30A.

                                        Very truly yours,
                                        /s/ Romulus DeNicola
                                        Romulus DeNicola,
                                        Executive Secretary

There is no statutory provision such as that which the third charge purports to cite. It was agreed at the oral argument before us that the intended reference was to the provisions of G. L. c. 94C, § 17(*c*), as inserted by and appearing in St. 1971, c. 1071, § 1.

[3] See the concluding paragraph of note 2, *supra.*

of a "controlled substance" (as defined in G. L. c. 94C, § 1), and each of those charges rests on one or more regulations. Unless or until we are advised of the manner and extent in and to which the Commissioner of Public Health (commissioner), or the commissioner and the board acting jointly, have exercised the regulatory powers committed to them, respectively, by the provisions of G. L. c. 94C, §§ 2-4, we shall be unable to tell which (if any) of the drugs referred to in the evidence in this case is a "controlled substance" or, if so, how it has been scheduled. The sixth charge may also rest on regulations to the extent that it is based on one or more of the first five charges.[4]

No rule or regulation of the board or the commissioner was set out in the evidence or otherwise made a part of the transcript of the proceedings before the board. No such rule or regulation appears to have been brought to the attention of the Superior Court (see *Finlay* v. *Eastern Racing Assn.* 308 Mass. 20, 26-28 [1941]; *White* v. *Universal Underwriters Ins. Co.* 347 Mass. 367, 373 [1964]; *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 494-495, 496 [1965]; *York* v. *Sullivan,* 369 Mass. 157, 160 [1975]), nor has a stipulation as to any such been presented to us (see *Gentile, petitioner,* 339 Mass. 319, 320-321 [1959]; *Carroll* v. *Acting Director of Pub. Welfare,* 355 Mass. 182, 183, n. 2 [1969]; *Baxter* v. *Commonwealth,* 359 Mass. 175, 177, n. 2 [1971]; *Pomeroy* v. *Department of Pub. Welfare,* 3 Mass. App. Ct. 177, 184, n.4 [1975]). In such circumstances we shall not take judicial notice of any rule or regulation which might be relevant. *Diaduk's Case,* 336 Mass. 5, 6-7 (1957). *York* v. *Sullivan,* 369 Mass. 157, 160, n.2 (1975). The resulting hiatus leaves us in a position where we are unable to determine whether the board's decision is (1) "accompanied by a statement of reasons . . . [therefor], including [a] determination of each

---

[4] There is no specific discussion of the sixth charge in the transcript of the proceedings before the board, and so much of the board's decision as relates to that charge may represent a conclusion drawn from the findings on some or all of the first five charges.

issue of fact or law necessary . . . [thereto]" (G. L. c. 30A, § 11[8]), (2) "[b]ased upon an error of law" (G. L. c. 30A, § 14[7][c]), (3) supported by "substantial evidence" (G. L. c. 30A, §§ 1[6] and 14[7][e]; *Cohen* v. *Board of Registration in Pharmacy*, 350 Mass. 246, 251, 253 [1966]), or (4) "[a]rbitrary or capricious [or] an abuse of discretion" (G. L. c. 30A, § 14[7][g]). Compare *Hamilton* v. *Department of Pub. Util.* 346 Mass. 130, 137 (1963); *New York Central R.R.* v. *Department of Pub. Util.* 347 Mass. 586, 592-593 (1964); *School Comm. of Chicopee* v. *Massachusetts Commn. Against Discrimination*, 361 Mass. 352, 353-355 (1972). Contrast *New York Cent. R.R.* v. *Department of Pub. Works*, 354 Mass. 332, 336-337 (1968).

A study of the transcript in this case discloses several instances of uncertainty during the course of the hearing as to what rules or regulations were or might have been applicable to the evidence before the board.[5] We conclude that the charges against Kearney should be heard anew. See *Harris* v. *Board of Registration in Chiropody (Podiatry)*, 343 Mass. 536, 539-541 (1962). Compare *Kneeland Liquor, Inc.* v. *Alcoholic Beverages Control Commn.* 345 Mass. 228, 235-236 (1962). Contrast *Akers Motor Lines, Inc.* v. *State Tax Commn.* 344 Mass. 359, 362-363 (1962).

The board is to give Kearney reasonable notice (preferably in writing) in advance of the rehearing of all the rules or regulations of the board or the commissioner on which the board wishes to rely at the hearing (G. L. c. 30A, § 11[1]), and all such rules or regulations are to be made parts of the record. The board is also to give Kearney like notice of the facts relied on in support of the sixth charge. See G. L. c. 112, § 61; *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 426-427 (1921); *Ott* v. *Board of Registration in Medicine*, 276 Mass. 566, 573 (1931); *For-*

---

[5] Indeed, at one point the chairman of the board solicited (and apparently relied on) the lay opinion of a representative of Epray as to "the law in reference to" the filling of a particular prescription which had been received in evidence.

*ziati* v. *Board of Registration in Medicine,* 333 Mass. 125, 126-127 (1955). We trust that the Attorney General will participate in the further proceedings and will advise the board of its burden of proving the charges which it will continue to press. See *Matter of Mayberry,* 295 Mass. 155, 156-157, 167-168 (1936).

*b. The Epray appeal.* The only charges ever formulated by the board are those which are set out in note 2 hereof, *supra.* They were clearly addressed to Kearney and not to Epray. The only notice of any hearing was addressed solely "[t]o Robert Kearney of Stoneham in the county of Middlesex." And yet the decision of the board purported to suspend Epray's registration to dispense controlled substances as well as its permit to conduct a retail drug business. Such a registration may be suspended only "after a hearing pursuant to the provisions of chapter thirty A" (G. L. c. 94C, § 13[a]) in proceedings which are clearly "adjudicatory" within the meaning of G. L. c. 30A, §§ 1(1) and 11. Proceedings to suspend a permit to conduct a retail drug business require the board to "give a hearing to the holder of the permit, after due notice to him of the charges against him and of the time and place of the hearing" (G. L. c. 112, § 40) and are likewise "adjudicatory." *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 494 (1965).

There having been no compliance with the notice requirements of either G. L. c. 30A, § 11(1), or G. L. c. 112, § 40, so much of the board's decision as purports to discipline Epray must be set aside as "[m]ade upon unlawful procedure" (G. L. c. 30A, § 14[7][d]).

The judgment of the Superior Court is reversed. A new judgment is to be entered which sets aside so much of the decision of the board as purports to relate to Epray. Compare Mass. R.Civ.P. 54(b), 365 Mass. 821 (1974). So much of the board's decision as relates to Kearney is also to be set aside, but that aspect of the case is to be remanded to the board for further proceedings consistent with this opinion. The Superior Court is to retain jurisdic-

tion over those proceedings. *Rhodes* v. *State Examiners of Plumbers, post,* 767, 768 (1976).

*So ordered.*